| | | |
|---|---|---|
| STATE OF INDIANA | ) | PORTER COUNTY |
| | ) SS: | SUPERIOR COURT |
| COUNTY OF PORTER | ) | |

| | |
|---|---|
| JOHN DIEHL | ) CAUSE NO._____ |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| VALMET, INC. | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff John Diehl states and alleges the following for his Complaint against Defendant Valmet, Inc.:

### Jurisdiction and Venue

1. Plaintiff John Diehl resides in Porter County, Indiana.

2. This case's incident occurred in Porter County, Indiana.

3. Defendant Valmet, Inc. is a Delaware corporation with its principal place of business at 2425 Commerce Avenue, Suite 100, Duluth, Georgia 30096. At all times relevant hereto, Defendant Valmet, Inc. was engaged in the designing, manufacturing, labeling, marketing, distributing, selling, and installation of paper machinery in Indiana.

4. This Court has personal jurisdiction over Defendant Valmet, Inc.

5. This Court is the preferred venue for this action under Indiana Trial Rule 75 (A).

### Common Factual Allegations

6. Plaintiff John Diehl was an employee at Pratt Industries Inc.'s paper mill in Valparaiso, Indiana.

Page 2 of 8



7. Defendant Valmet Inc. designed, manufactured, labeled, and sold their OptiWin Drum Winder, Model Number WIN5001649, to Pratt Industries Inc. and installed it at Pratt's paper mill in Valparaiso, Indiana in 2015 – where Plaintiff John Diehl worked.

8. On November 28, 2015, Plaintiff John Diehl and his supervisor where checking the paper running in the Defendant's OptiWin Drum Winder's Jumbo Roll for defects. The Jumbo Roll is a massive reel of paper that winds in a circular motion at a dangerously high speed.

9. Even though other areas of the Defendant's OptiWin Drum Winder had pressure safety mats and sensors that are designed to immediately stop the winding rolls running at a high speed if a person got too close or within its danger zones, the Jumbo Roll area, which was the largest and most dangerous area, did not.

10. While Plaintiff John Diehl and his supervisor were checking the Winder's Jumbo Roll's paper for defects, Plaintiff John Diehl tripped into the Winder's Jumbo Roll running at a dangerously high speed.

11. The running Jumbo Roll's momentum pulled him into a dangerously narrow space between the end of the running Jumbo Roll and a concrete wall, it continued to run at a high speed, and it continued to twist and crush Plaintiff John Diehl for a significant period of time until it violently threw him under the running Jumbo Roll and onto the floor. The Jumbo Roll continued to run at the same high speed until it had to be manually shutdown after Plaintiff John Diehl's co-workers found him mangled.

12. As a result, Plaintiff John Diehl suffered horrific and life-changing injuries and damages.

## Count I – Negligence

13. Plaintiff John Diehl incorporates Paragraphs 1-12 above by reference.

14. Defendant Valmet, Inc. owed Plaintiff John Diehl and other users of its OptiWin Drum Winder the following duties:

 (a) To exercise reasonable care in designing, manufacturing, labeling, installing, and inspecting the Winder;

 (b) To exercise reasonable care in servicing the Winder;

 (c) To design the Winder to be reasonably safe;

 (d) To manufacture the Winder to be reasonably safe;

 (e) To provide adequate emergency shut-offs;

 (f) To warn foreseeable users about dangers that the Defendant knew existed or should have known existed; and

 (g) To otherwise follow the standard of care and other applicable laws.

15. Defendant Valmet, Inc. breached those duties stated above in Paragraph 14, by, but not limited to the following:

 (a) They did not exercise the same care an ordinary manufacturer would exercise under similar circumstances;

 (b) They failed to design the Winder to be reasonably safe;

 (c) They failed to manufacture the Winder to be reasonably safe;

 (d) They failed to properly install the Winder to be reasonably safe;

 (e) They failed to properly inspect the Winder to make sure it was reasonably safe;

 (f) They failed to provide adequate emergency shut-offs; and

 (g) They failed to adequately warn Plaintiff John Diehl and other foreseeable users about the dangers they knew existed or should have known existed.

16. As a direct and proximate result of Defendant Valmet Inc.'s acts and omissions stated in Paragraph 15, Defendant Valemt Inc.'s dangerous Winder failed to stop or even slowdown in an emergency when a person or people got dangerously close to the Winder, when Plaintiff John Diehl accidently tripped into the Winder, and after the Winder repeatedly twisted, crushed, and threw Plaintiff John Diehl.

17. Had Defendant Valmet Inc.'s Winder's Jumbo Roll had just simple fencing, pressure safety mats, or a safety sensor around its most dangerous area – this case's horrific incident never would have happened.

18. As a direct and proximate result of Defendant Valmet Inc.'s acts and omissions stated above, Plaintiff John Diehl suffered and incurred the following damages, but not limited to:

   (a) Bodily injuries;
   (b) Pain and suffering and the pain and suffering he will experience in the future;
   (c) Disability and the disability he will suffer in the future;
   (d) Scarring;
   (e) Disfigurement;
   (f) Loss of enjoyment of life and loss of enjoyment of life he will suffer in the future;
   (g) Lost opportunity and the lost opportunity he will suffer in the future;
   (h) Medical bills and the medical bills he will incur in the future;
   (i) Lost wages and the lost wages he will incur in the future;
   (j) Lost earning capacity and the lost earning capacity he will suffer in the future; and
   (k) Other yet to be discovered damages that resulted from the Defendant Valmet Inc.'s negligence.

## Count II – Strict Liability

19. Plaintiff John Diehl incorporates Paragraphs 1-18 above by reference.

20. Defendant Valmet Inc. is in the business of manufacturing and selling paper machinery.

21. Defendant Valmet Inc. manufactured an OptiWin Drum Winder, Model Number WIN5001649, and sold it to Pratt Industries, Inc. for use at Pratt's paper mill in Valparaiso, Indiana – where Plaintiff John Diehl worked.

22. The OptiWin Drum Winder was defective and unreasonably dangerous to its reasonably foreseeable users that were subject to its foreseeable harm – including Plaintiff John Diehl.

23. Plaintiff John Diehl was in a class of persons that Defendant Valmet, Inc. should have reasonably foreseen as being subject to the harm caused by the defective Winder.

24. The OptiWin Drum Winder was not substantially changed between the time it was sold and this case's horrific incident.

25. Plaintiff John Diehl suffered and incurred the following damages as a result of Defendant Valmet Inc.'s defective OptiWin Drum Winder, but not limited to:

    (a) Bodily injuries;

    (b) Pain and suffering and the pain and suffering he will experience in the future;

    (c) Disability and the disability he will suffer in the future;

    (d) Scarring;

    (e) Disfigurement;

    (f) Loss of enjoyment of life and loss of enjoyment of life he will suffer in the future;

    (g) Lost opportunity and the lost opportunity he will suffer in the future;

    (h) Medical bills and the medical bills he will incur in the future;

    (i)    Lost wages and the lost wages he will incur in the future;

    (j)    Lost earning capacity and the lost earning capacity he will suffer in the future; and

    (k)    Other yet to be discovered damages that resulted from the Defendant Valmet Inc.'s defective Winder.

WHEREFORE, Plaintiff John Diehl prays for judgment against Defendant Valmet, Inc. in an amount to reasonably compensate him for his damages, for costs, and for all other relief this Honorable Court finds just and proper.

                                       Respectfully submitted,

                                       /s/ *David M. Cox IV*
                                       David M. Cox IV
                                       Indiana Attorney Number: 31272-45
                                       Cox Law Office
                                       8792 East Ridge Road, Suite C
                                       Hobart, Indiana 46342
                                       Telephone #: (219) 225-5269
                                       Fax #: (219) 940-5044
                                       Email: Dave@DaveCoxLaw.com
                                       Attorney for Plaintiff

| | | | |
|---|---|---|---|
| STATE OF INDIANA | ) | | PORTER COUNTY |
| | ) SS: | | SUPERIOR COURT |
| COUNTY OF PORTER | ) | | |

| | |
|---|---|
| JOHN DIEHL | ) CAUSE NO._____ |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| VALMET, INC. | ) |
| | ) |
| Defendant. | ) |

## JURY DEMAND

Plaintiff John Diehl, by and through his attorney, hereby requests a jury trial as to all issues contained in his Complaint.

Respectfully submitted,

/s/ *David M. Cox IV*
David M. Cox IV
Indiana Attorney Number: 31272-45
Cox Law Office
8792 East Ridge Road, Suite C
Hobart, Indiana 46342
Telephone #: (219) 225-5269
Fax #: (219) 940-5044
Email: Dave@DaveCoxLaw.com
Attorney for Plaintiff